OPINION. Black, Judge: The questions before us arise under section 23 (a) (1) (A) and (b) of the Internal Revenue Code of 1939.[4] In its brief petitioner contends that the $12,888.27, which has been discussed in our Findings of Fact and which was disallowed as a deduction by the Commissioner in determining petitioner’s net operating loss for 1951, should have been allowed as a deduction for additional salaries for services to petitioner. On the other hand, respondent contends that the $12,888.27 in question was paid the old stockholders, of whom Stofflet was one, as additional sale price of their stock, which sale took place early in 1951. We do not agree with either version as to what the payment of the $12,888.27 was for. The facts in the record do not support either version. From the facts which have been stipulated and a very considerable amount of oral testimony, we have made a finding of fact that the $12,888.27 in question represented money which the parties had agreed was to be disbursed to the old stockholders by petitioner corporation under the terms of the agreement of January 25, 1951. The amount was clearly not to be paid as additional compensation to Stofflet for any services that he was to render to petitioner. It was on the representation that the $12,888.27 was paid as additional executives’ salaries to Stofflet that petitioner filed an amended return for 1951 on April 21, 1953, and undertook to take this amount of $12,888.27 as additional deduction for executives’ salaries. Stofflet testified at the hearing and denied that he had received any such additional compensation. He furnished a list of the old stockholders, including himself, which shows the disbursement made to the old stockholders after the note dated July 24, 1951, was paid, May 23, 1952. It seems plain that the disbursement to the old stockholders was made in accordance with the agreement of January 25, 1951, respecting the three named contracts. It seems to us that it is entirely clear from all the evidence that the $12,888.27 in question was not paid by petitioner as additional salary incurred and accrued to Stofflet in 1951. Respondent is sustained in his disallowance of the claimed deduction. Issue (2) is whether petitioner is entitled to an interest deduction in 1952 of $648.73 and that petitioner’s net operating loss deduction for 1952 allowed by the Commissioner should be increased by that amount. The facts do show that petitioner did incur and pay interest in 1952 of $648.73 in addition to the principal amount of $12,888.27 which the corporation (petitioner) was obligated to pay the old stockholders. We think petitioner must be sustained as to this issue. The evidence shows that the note which was executed on behalf of petitioner by its three new stockholders was dated July 24, 1951, and was for the principal sum of $13,292.06 and was due 6 months after date, on January 24, 1952. Therefore, it is plain that the note included $403.79 interest to cover the period between the date of its execution and the date it was due, January 24, 1952. We hold that this $403.79 interest accrued in 1952, the due date of the note. The note was not paid on its due date. In addition to this interest of $403.79, included in the body of the note, petitioner paid interest of $244.94 to cover the interest on the note from the time it was due, January 24,1952, to the date it was paid, May 23,1952. The note was to bear interest from the date it was due, January 24, 1952, at the rate of 6 per cent per annum to the date of payment. As a matter of fact, the interest on the note of $13,292.06 from January 24, 1952, to the date it was paid, May 23,1952, at 6 per cent per annum would be a somewhat larger sum than the $244.94 actually paid. However, petitioner makes no point of that fact and only claims a deduction for interest incurred and paid in 1952 of $648.73. From the evidence we hold that petitioner did incur and pay in 1952, $648.73 as interest ($403.79 plus $244.94) on an obligation which it owed and paid in full May 23,1952, and it is entitled to a deduction of that amount in arriving at its net operating loss for 1952. The Commissioner’s disallowance of this deduction of interest for 1952 is not sustained. The Commissioner’s argument in his brief in support of his disallowance of this $648.73 deduction for 1952 as interest is that the interest, although actually and indisputably paid by petitioner, was paid on behalf of the stockholders and not on an obligation of petitioner. This contention of the Commissioner is contrary to the evidence in the case and we hold against it. Decision will Toe entered wider Bule 50. SEC. 23. DEDUCTIONS EROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses.'— (1) Trade on business expenses.— (A) In General. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * * [[Image here]] (b) Interest. — All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.